**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 11 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMILIANO HERNANDEZ HERNANDEZ, AKA Emiliano Hernandez, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  16-70141 <br><br> Agency No. A206-412-057 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2019[**]
Pasadena, California

Before:  LIPEZ,[***] WARDLAW, and HURWITZ, Circuit Judges.

Emiliano Hernandez Hernandez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) decision affirming the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

Immigration Judge's (IJ) denial of Hernandez's application for non-lawful permanent resident cancellation of removal, based on the finding that Hernandez did not meet his burden of proving ten years of continuous presence in the United States. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review and remand the case to the BIA.

1.    *Lorenzo Lopez v. Barr*, -- F.3d ---, 2019 WL 2202952 (9th Cir. May 22, 2019), decided after this case was submitted, held that a defective Notice to Appear omitting the time and place of the hearing cannot be cured by a subsequent Notice of Hearing. Under *Lopez*, Hernandez has shown ten years of continuous presence, contrary to the BIA's ruling. Because Hernandez's Notice to Appear omitted the time and place of his initial hearing, it did not terminate Hernandez's period of continuous physical presence under 8 U.S.C. § 1229b(d)(1). The parties do not dispute that Hernandez entered the United States in 2006 at the latest. Because the defective Notice to Appear, issued on January 19, 2015, did not terminate his qualifying period of residency, Hernandez's continued residency in the United States beyond 2016 establishes ten years of continuous presence.

2.    The issue of hardship to a qualifying relative—including whether the BIA erred in excluding probative relevant evidence—is not properly before us. The BIA explicitly declined to reach this issue because it upheld the IJ's denial of the application for cancellation of removal for failure to demonstrate ten years of

2

continuous presence. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) ("When the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." (internal quotation marks omitted)). We remand to the BIA for a determination of Hernandez's eligibility for cancellation of removal in line with this disposition.

**PETITION GRANTED; REMANDED.**